UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAGNUS PACIFIC CORPORATION, a California corporation,<br><br>      Plaintiff,<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>      Plaintiff-Intervener,<br><br>  v.<br><br>ADVANCED EXPLOSIVES DEMOLITION, INC., an Idaho corporation,<br><br>      Defendant. | Case No. 2:13-CV-0060-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Magnus Pacific Corporation ("Plaintiff" or "Magnus Pacific") filed the instant action against Defendant Advanced Explosives Demolition, Inc. ("Defendant" or "AED"), alleging breach of contract, negligence, strict liability, intentional misrepresentation and negligent misrepresentation. Pending before the Court is Defendant's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 28.) Specifically, Defendant seeks entry of

judgment in favor of AED on Plaintiff's strict liability and negligent misrepresentation claims.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. For the reasons set forth below, the Court grants Defendant's Motion for Judgment on the Pleadings.

## BACKGROUND[1]

Plaintiff is a remediation and geotechnical contractor serving private and public sector clients with a full array of construction capabilities. Defendant is an explosives demolition contractor with demolition and implosion experience. In February of 2012, Plaintiff contacted AED regarding potential use of AED's services to demolish two buildings as part of an ongoing project at the Boise White Paper ("BWP") plant in St. Helens, OR. In March 2012, AED gave a PowerPoint presentation to Plaintiff and BWP outlining AED's capabilities and prior projects. During this presentation, AED highlighted its experience with imploding buildings

---

[1] The following facts are taken from Plaintiff's complaint (Dkt. 1), and must be accepted as true for the purposes of deciding AED's motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**MEMORANDUM DECISION AND ORDER - 2**

within mill facilities, including implosions conducted close to existing facilities, with no damage to surrounding operations. Plaintiff and BWP were primarily concerned with the proximity of certain structures to the buildings to be imploded. AED assuaged this concern with several specific examples of implosions it had completed that were in close proximity to other structures. AED recommended implosion as the best and safest option for demolition of the two buildings.

Plaintiff thereafter decided to utilize AED for the implosion project, and the parties executed a contract for implosion of one of the two buildings ("R3"), on April 20, 2012. On August 14, 2012, R3 was imploded. Following the implosion, personnel for AED, Magnus Pacific and BWP walked the site to determine if any surrounding structures had suffered damage as a result of the implosion. During the walkthrough, it became apparent that active facilities and structures surrounding R3 had suffered extensive damage. After AED denied responsibility for Magnus Pacific's damages and failed to provide any clean-up help or other remedy for the unsuccessful implosion, Magnus Pacific filed the instant lawsuit against AED for breach of contract, negligence, strict liability, intentional misrepresentation, and negligent misrepresentation. AED filed the instant Motion for Judgment on the Pleadings on October 7, 2013.

**STANDARD OF REVIEW**

Motions for judgment on the pleadings are governed by Federal Rule of Civil Procedure 12(c). The principal difference between motions filed pursuant to Federal Rule;3383;3384;3383;3384 of Civil Procedure 12(b) and Rul;3387;3388;3387;3388e 12(c) is the time of filing. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A party may move for a judgment on the pleadings at any point after the pleadings close but early enough not to delay trial. Fed. R. Civ. P. 12(c). "Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin*, 867 F.2d at 1192.

A motion pursuant to Rule 12(b)(6) or Rule 12(c) challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). To sufficiently state a claim to relief and survive such motion, the pleading "does not need detailed factual allegations," however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do[.]" *Id*. (citations omitted). Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but does require more than a sheer possibility that a defendant acted unlawfully. *Id*. Apart from factual insufficiency, a complaint is also subject to dismissal where it lacks a cognizable legal theory, *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990), or where the allegations on their face show that relief is barred for a legal reason. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## ANALYSIS

As an initial matter, Plaintiff concedes the merits of AED's motion with respect to its negligent misrepresentation claim, and does not oppose dismissal of that claim. (Dkt. 32, p. 2.) The Court accordingly dismisses Plaintiff's negligent misrepresentation claim and limits further analysis to Plaintiff's strict liability claim. AED suggests Plaintiff's strict liability claim should be dismissed because Idaho law does not recognize a claim for strict liability for personal services.[2] (Dkt. 28-1, p. 6) (citing *Hoffman v. Simplot Aviation, Inc.*, 539 P.2d 584 (Idaho

---

[2] Much of AED's brief in support of its Motion for Judgment on the Pleadings is devoted to establishing Idaho substantive law applies to this dispute. (Dkt. 28-1, pp. 2-5.) As Plaintiff does not contest application of Idaho law, the Court need not conduct a choice of law analysis and will apply Idaho state law for purposes of the present motion.

**MEMORANDUM DECISION AND ORDER - 5**

1975)). Magnus Pacific counters that AED has not shown demolition work constitutes a "personal service" under *Hoffman*, and suggests the Restatement's application of strict liability to those who carry out "abnormally dangerous activities" is instead applicable. (Dkt. 32, p. 3) (citing Restatement (Second) of Torts, § 519 (1977)).

The law in Idaho regarding strict liability is found in Idaho Code § 6-1402. Under this code section, the term "product seller" means:

> [A]ny person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product. The term also includes a party who is in the business of leasing or bailing such products.

I.C. § 6-1402.

Pursuant to Idaho Code § 6-1402(1)(a), the term 'product seller' does not include:

> A provider of professional services who utilizes or sells products within the legally authorized scope of its professional practice. A nonprofessional provider of services is not included unless the sale or use of a product is the principal part of the transaction, and the essence of the relationship between the seller and purchaser is not the furnishing of judgment, skill, or services.

I.C. § 6-1402(1)(a).

"Product" is defined under this section as, "any object possessing intrinsic value, capable of delivery either as an assembled whole or as a component part or parts, and produced for introduction into trade or commerce." I.C. § 6-1402(3).

Magnus Pacific does not allege, nor even suggest in its Response to Defendant's Motion for Judgment on the Pleadings, that AED sold, manufactured or distributed any type of product. The complaint instead alleges that AED provided demolition services to Magnus Pacific. As the Court held in *Britton v. Dallas Airmotive Inc.*, 2010 WL 797177, at *17 (D. Idaho 2010), "it is beyond reasonable dispute that, under Idaho law, the rule of strict liability does not extend beyond sellers of products to sellers of services." (citing *Hoffman v. Simplot Aviation, Inc.*, 539 P.2d 584 (1975)).

In *Hoffman*, the Idaho Supreme Court reaffirmed that Idaho has adopted the rule of strict liability in tort as set forth in the Restatement (Second) of Torts, § 402(A) (1965). This section "deals specifically and only with the sale of a product." *Hoffman*, 539 P.2d at 587.[3] Idaho courts have not extended the rule of

---

[3] Plaintiff also attempts to distinguish *Hoffman* because the court there noted Idaho has not adopted strict liability in tort "absent fault" in the context of strict liability, whereas Plaintiff contends AED is at fault for the extensive damage that resulted from AED's defective blasting. (Dkt. 32, p. 4) (quoting *Hoffman*, 539 P.2d at 587, "[n]either this court nor, with one exception, any other court has adopted strict liability in tort absent fault in the context of personal services.") However, as AED notes, the *Hoffman* court's "absent fault" reference was simply recognition that under the doctrine of strict liability, liability is imposed even where a defendant has exercised utmost care and is without fault. (Dkt. 34, p. 2.) Plaintiff's claim that AED was at fault is not applicable to its strict liability claim; requiring Plaintiff to prove fault is analytically the same thing as requiring Plaintiff to prove negligence. "The baseline common law regime of tort liability is negligence. When it is a workable regime, because the hazards of an activity can be avoided by being careful (which is to say, nonnegligent), there is no need to switch to strict liability." *Indiana Harbor Belt Railroad Co. v. American Cyanamid Co.*, 916 F.2d 1174, 1177 (7th Cir. 1990).

**MEMORANDUM DECISION AND ORDER - 7**

strict liability to providers of services. *Id.*; *see also Steiner Corp. v. American District Telegraph*, 683 P.2d 435, 438 (Idaho 1984) ("because this contract involves a contract for services, no cause of action can be maintained based on strict liability.") Magnus Pacific's claim that AED has not shown that Plaintiff's demolition work constitutes a "personal" service is thus unavailing. (Dkt. 32, p. 2.) AED provided demolition services to Magnus Pacific but did not manufacture, sell or distribute any product. As such, a claim for strict liability against AED is not available under Idaho law.

Magnus Pacific argues the Restatement "very specifically does apply strict liability to those who carry on 'abnormally dangerous activities.'" (Dkt. 32, p. 3) (citing Restatement (Second) of Torts, § 519 (1977)). However, Magnus Pacific does not cite, and the Court could not locate, any Idaho case adopting § 519 of the Restatement as law. Moreover, even if the Court assumed Idaho would adopt § 519, Magnus Pacific fails to allege sufficient facts to establish AED's demolition services constitute an "abnormally dangerous activity." Notably, § 520 of the Restatement of Torts provides six factors to consider when determining whether an activity is abnormally dangerous, including:

> (a)    existence of a high degree of risk of some harm to the person, land or chattels of others;
> (b)    likelihood that the harm that results from it will be great;
> (c)    inability to eliminate the risk by the exercise of reasonable care;

    (d)    extent to which the activity is not a matter of common usage;
    (e)    inappropriateness of the activity to the place where it is carried on; and
    (f)    extent to which its value to the community is outweighed by its dangerous attributes.

Restatement (Second) of Torts, § 520 (1977).

Magnus Pacific fails to adequately allege AED's conduct satisfied any of the six factors indicative of an "abnormally dangerous activity" under § 520. As such, even if Idaho had adopted § 520, Magnus Pacific's complaint must be dismissed because it fails to provide non-conclusory factual content to plausibly suggest it is entitled to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

       Finally, Magnus Pacific suggests AED conceded the strict liability nature of its business activities in its contract with Magnus Pacific and cannot now argue that strict liability does not apply. (Dkt. 32, pp. 3-4.) Specifically, the demolition services contract between Magnus Pacific and AED stated "[i]n consideration of the strict liability nature of many of AED's operations, the parties hereto agree that this agreement shall be governed by and interpreted in accordance with laws of Kootenai County, ID[.]" (Dkt. 1, p. 14.) AED did not concede strict liability. Instead, this provision simply recognizes that strict liability may be imposed for demolition work in certain jurisdictions. By agreeing to application of Idaho law, the parties insulated AED from the strict liability that another jurisdiction's law

may impose. Magnus Pacific agreed to this choice of law provision, and does not contest application of Idaho law to its strict liability claim. Because Idaho does not recognize strict liability for providers of services absent a relevant product, Magnus Pacific cannot maintain a cause of action against AED based on strict liability. *Steiner Corp. v. American District Telegraph*, 683 P.2d 435, 438 (Idaho 1984).

## ORDER

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (Dkt. 28) is **GRANTED** and Plaintiff's strict liability and negligent misrepresentation claims are **DISMISSED WITH PREJUDICE**.

Plaintiff's breach of contract, negligence, and intentional misrepresentation claims remain at issue.

DATED: **May 5, 2014**

Honorable Edward J. Lodge
U. S. District Judge